# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ASHLEY KELLET**                                                      **CIVIL ACTION**

**VERSUS**

                                                  **NO. 24-252-JWD-RLB**

**LIVINGSTON PARISH SCHOOL
DISTRICT, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 22, 2024.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ASHLEY KELLET**                                          **CIVIL ACTION**

**VERSUS**

                                                          **NO. 24-252-JWD-RLB**

**LIVINGSTON PARISH SCHOOL
DISTRICT, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are the Livingston Parish Sheriff's Department's Motion to Dismiss (R. Doc. 19) and a Motion to Dismiss filed by the Louisiana Department of Children and Family Services, the Louisiana Department of Health, and Governor Jeff Landry (collectively, the "State Defendants") (R. Doc. 23). The deadlines for opposing these motions has expired. LR 7(f). Accordingly, the Motions to Dismiss are unopposed.

Also before the Court are three "ex parte" motions filed by Ashley Kellet ("Plaintiff") seeking injunctive relief. (R. Docs. 5, 6, 12). In the first motion, Plaintiff seeks a reversal of her Medicaid termination ("Motion to Reverse Medicaid Termination"). (R. Doc 5). In the second motion, Plaintiff seeks the return of her adult, disabled sons identified as MBG and CEG from the custody of the State of Louisiana ("Motion for Custody"). (R. Doc. 6). In the third motion, Plaintiff seeks a stay of all judicial proceedings in the State of Louisiana, as well as a temporary restraining order against her landlord, Michelle Ruston and Ruston Properties, to prevent her eviction ("Motion to Stay Eviction Proceedings"). (R. Doc. 12).

I.      **Background**

Plaintiff is proceeding both *pro se* and *in forma pauperis*. (*See* R. Docs. 1, 8). Plaintiff (purportedly on behalf of her minor children P.J.K.[1] and P.G.K., her disabled adult sons M.B.G.

---

[1] It appears that the Complaint contains a typo and mistakenly references B.J.K.

and C.E.G., and her adult son Joshua Germany) brings this action pursuant to 42 U.S.C. § 1983 and state law, naming as defendants Livingston Parish School District, the Livingston Parish Sheriff's Department, the Louisiana Department of Children and Family Services, the Louisiana Department of Health, and Governor Jeff Landry. (R. Doc. 1).

Attached to the Complaint are 382 pages of documents consisting of various narratives and citations to legal authorities. (*See* R. Docs. 1-1, 1-2). Plaintiff also filed a "Notice of Additional Evidence," which appears to consist of additional typewritten allegations and an email auto-response from the U.S. Department of Housing and Urban Development regarding a fair housing complaint. (*See* R Doc. 4).

It appears that the genesis of the instant lawsuit was a State court action brought by the Livingston Parish School Board against Plaintiff, resulting in the issuance of a temporary restraining order on January 27, 2020, and a preliminary injunction on April 8, 2020, prohibiting Plaintiff from concealing electronic devices on one of her child's clothing and personal belongings while attending Live Oak Elementary School, as well as engaging in certain speech with respect to the Livingston Parish School Board. *See Livingston Parish School Board v. Kellett*, 368 So.3d 621, 624 (La. 1st Cir. 2023). The Louisiana First Circuit Court of Appeal reversed the trial court's denial of a motion to dissolve the portion of the preliminary injunction prohibiting Plaintiff's speech as an impermissible prior restraint on free speech in violation of the First Amendment. *Id*. at 629-30.

In the instant Complaint, Plaintiff alleges that the injuries for which she is now seeking relief began when she was sued in January of 2020 "but has continued until the present day." (R. Doc. 1 at 4). It appears that the minor involved in the previous state court lawsuit was P.J.K. (*See* R. Doc. 1-1 at 5). Plaintiff is not, however, seeking any specific or direct relief with respect to

P.J.K or with respect to the previous lawsuit. Instead, Plaintiff appears to allege that after the commencement of the State court action brought by the Livingston Parish School Board, the public entities named as defendants in this action conspired to harm Plaintiff and her children.

While the exact nature of Plaintiff's causes of action are unclear, it appears that Plaintiff seeks relief regarding three seemingly unrelated events in her life: the termination of her Medicaid status, the alleged unlawful removal of M.B.G. and C.E.G. from her home, and the commencement of eviction proceedings:

> Immediate injunctive relief against the state of Louisiana, including the governor Jeff Landry, the immediate return of Ashley Kellett's Medicaid to active status so that she can receive care for the cancer. She is currently fighting she's recently had to undergo blood transfusions and needed three iron transfusions that she was unable to receive. She's a mass noted in her left thyroid bed, which is the site of two forms of thyroid cancer she formally was diagnosed within 2018 she also needs beyond surgery radiation that she is not able to receive without this. Ironically Miss Kellett received a letter in the mail stating that her Medicaid was until 2025 until the CMS investigation opened up, at that time the state of Louisiana decided to terminate not only miss Kellett Medicaid, but two of her children, Joshua Germany, and her daughter and . . . Anna Grace Germany. [Defendants] continues to harass the Kellett family and beat on her door Daily, she has had to withdraw her-eight year-old daughter from school due to [Defendants] continually showing up five times the school year thus far to pull PGK out of class question her about her sister's medication, in addition, Kellett believes that the state is now colluding with her landlord and is attempting to have her evicted from her home, the state has also annihilated her entire income, [M]atthew Kellett worked for the Waiver Program as did her son Joshua Germany for each of her disabled children, PJK, and MBG . Both of which have been kidnapped[2] from the Kellett home currently miss Kellett has no idea where MG is and has also requesting an emergent interdiction for not only MBG but also CEG who is suffering irreparable psychological abuse the state now has MG dressing up as a girl and calling himself "Chloe" please note that MG has never had any psychological issues in his life, he does have an anoxic brain injury and does something called confabulation, but has no noted mental health issues. please see attached CEG is being psychologically harmed by being lied to perpetually by his estranged grandparents continuously lied about his mother diagnosis that they know nothing about because they have never been around. Ashley Kellett is also requesting competent representation at the states expense that is not associated with the state of Louisiana and anyone who may have conflict with Judge Guy

---

[2] It appears that Plaintiff's use of the words "kidnapped" and "abduction" to refer to the removal of her children from her home is hyperbolic.

3

> Bradberry who is the Uncle of Ashley Kellett, who she reported for raping her and sexually assaulting her at the age of five years old until she was 10 years old And 2022 is still under investigation please note the retaliation exponentially increased after she turned down to $20,000 offer . . . and mandatory non-disclosure and after the election was finished in 2022.

(R. Doc. 1 at 5). Throughout her Complaint and the attached documents, Plaintiff appears to suggest that her misfortunes stem from her alleged molestation by her uncle.

Having considered the pending motions, and having conducted an independent review of the pleadings, the undersigned concludes that Plaintiff's Complaint, as submitted, fails to state a claim upon which relief may be granted, considering the general incoherence of the allegations and the unrelatedness of the claims brought against the three sets of government defendants. The undersigned recommends that the district judge (1) grant the pending motions to dismiss based on lack of service, (2) deny Plaintiff's motions for injunctive relief, and (3) dismiss the Complaint without prejudice to address the deficiencies raised in the instant Report and Recommendation.

## II.    Law and Analysis

### A.    Standard for *Pro Se* Litigants

*Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). Furthermore, a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, "a *pro se* litigant is not exempt ... from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper–Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl*

*v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson*, 999 F.2d at 100 (citation omitted).

Additionally, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citing *Callahan v. C.I.R.*, No. 99-0295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)). A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Id.* Finally, "a *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer." *NCO Fin. Systems*, 2008 WL 2277843, at *3 (citing *Birl*, 660 F.2d at 593).

### B.    Rule 12(b)(5) Dismissal for Failure to Serve

The Livingston Parish Sheriff's Department and the State Defendants seek dismissal of this action pursuant for lack of proper service. (*See* R. Docs. 19, 23). The relief sought is unopposed. *See* LR 7(f).

A Rule 12(b)(5) motion seeks dismissal for failure to effectuate service properly. "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007). When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner. *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990). The fact that the plaintiff is *pro se* does not excuse the failure to properly effect

service of process. *System Signs Supplies*, 903 F.2d at 1013; *Dupre v. Touro Infirmary*, 235 F.3d 1340 (5th Cir. 2000).

Rule 4(m) requires a plaintiff to "properly serve defendant[s] with a copy of the summons and complaint within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a defendant is not timely served, the court "must dismiss the action" or order that "service be made within a specified time." *Id*. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Even in the absence of good cause, the district court has discretion "to order that service be made within a specified time" as an alternative to dismissal. *Id*.; *see Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause.").

To establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect." *Winters v. Teledyne Movible Offshore, Inc*., 776 F.2d 1304, 1306 (5th Cir. 1985). "Actions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending" the service period. *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990). Additionally, the claimant must make a showing of good faith and establish "'some reasonable basis for noncompliance within the time specified.'" *Winters*, 776 F.2d at 1306 (quoting 4A C. Wright & A. Miller, Federal Practice & Procedure § 1165, at 480 (2d ed.)).

The record indicates that Plaintiff attempted service of process on each defendant by either delivering service by certified mail or in person. (*See* R. Doc. 22).

Plaintiff cannot serve process on a defendant because she is a party to this action. Rule 4(c) provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Accordingly, a "plaintiff—even one representing himself—cannot serve a summons and complaint." *Davis v. United States Dep't of the Treasury*, No. 18-1041, 2022 WL 1311482, at *3 n.24 (M.D. La. Feb. 28, 2022), *report and recommendation adopted*, 2022 WL 1311474 (M.D. La. Mar. 15, 2022) (citing Fed. R. Civ. P. 4(c)(2)). This rule extends to attempted service by a plaintiff by certified mail under state law. *Shabazz v. City of Houston*, 515 Fed. App'x 263 (5th Cir. 2013).

For the foregoing reasons, the claims against the Livingston Parish Sheriff's Department and the State Defendants are subject to dismissal, without prejudice, because service was not made in accordance with Rule 4(c). It is appropriate, however, to provide Plaintiff an additional 30 days, pursuant to Rule 4(m), to effectuate service.[3]

As a final matter, Governor Landry also argues that to the extent he is named as a defendant in his individual capacity, he was not served by domiciliary service as required by Rule 4(e) of the Federal Rules of Civil Procedure or Louisiana Code of Civil Procedure article 1231. (*See* R. Doc. 23-1 at 3-5). Any renewed claims with respect to Governor Landry must indicate whether he is sued solely in his official capacity. If Plaintiff is suing Governor Landry in his individual capacity, she must demonstrate proper domiciliary service within the time allowed by the district judge's ruling.

---

[3] The Livingston Parish Sheriff's Department also seeks (1) dismissal pursuant to Rule 12(b)(4) for insufficient service of process (because a copy of the Complaint was not served) and (2) dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction in light of the insufficiency of process and service of process. (*See* R. Doc. 19-1 at 5-7). The Court need not reach these issues because, as explained below, Plaintiff's claims against the Livingston Parish Sheriff's Department are subject to dismissal with prejudice pursuant to Rule 12(b)(6).

**C.      Rule 12(b)(6) Dismissal for Lack of Capacity to be Sued**

The Livingston Parish Sheriff's Office also seeks dismissal pursuant to Rule 12(b)(6) for lack of capacity to be sued. (*See* R. Doc. 19-1 at 2-4).

When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, Plaintiff names the Livingston Parish Sheriff's Office as a defendant, although it is unclear which of Plaintiff's claims are specifically addressed at this defendant. At any rate, the Court concludes that the Livingston Parish Sheriff's Office is correct that it is not a legal entity capable of being sued.

Rule 17(b) provides that the capacity to sue or be sued is determined by state law. Fed. R. Civ. P. 17(b). The Louisiana Supreme Court has expressly stated that a Sheriff's Department is not a legal entity capable of being sued:

> It is well settled in the lower courts that a Sheriff's Department is not a legal entity capable of being sued. It is the elected Sheriff, not the "Parish Sheriff's Office," that is the constitutionally designated chief law enforcement officer of the Parish. The law of Louisiana affords no legal status to the "Parish Sheriff's Department" so that the department can sue or be sued, such status being reserved for the Sheriff.

*Valentine v. Bonneville Ins. Co.*, 691 So. 2d 665, 668 (La. 1997) (internal citations removed). Various decisions issued from this district have reached this specific conclusion with respect to the Livingston Parish Sheriff's Department. *See, e.g.*, *Skinner v. Ard*, No. 19-66, 2020 WL 699740, at *5 (M.D. La. Feb. 11, 2020) ("[T]o the extent the *Complaint* alleges a claim against the Livingston Parish Sheriff's Office, that claim is dismissed with prejudice."); *see also Abbott v. Town of Livingston*, No. 16-00188, 2016 WL 4134565, at *4 (M.D. La. July 29, 2016) ("It is well settled under Louisiana law that a sheriff's department or office, or the parish prison, is not a separate legal entity capable of being sued. Rather, a parish sheriff, whether in his individual or official capacity, is the proper party defendant.") (internal citations omitted).

For the foregoing reasons, the claims brought against the Livingston Parish Sheriff's Office are subject to dismissal with prejudice.

### D.    Frivolous Review of Plaintiff's Complaint

#### 1.    Legal Standards

While the Court construes complaints filed by *pro se* plaintiffs liberally, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)      is frivolous or malicious;
(ii)     fails to state a claim on which relief may be granted; or
(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may

9

dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). Those standards have been outlined above.

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

### 2.    Improper Representation by a *Pro Se* Plaintiff

As an initial matter, Plaintiff's action must be dismissed, with prejudice, to the extent Plaintiff is seeking to represent the interests of her children. *See Roush on behalf of E.R. v. Alexander*, No. 21-528, 2022 WL 846807, at *6 (M.D. La. Feb. 24, 2022), *report and*

*recommendation adopted*, 2022 WL 842852 (M.D. La. Mar. 21, 2022); *see also A.R. by & through Roberts v. Kansas Sch. Bd. Ass'n*, No. 21-2492, 2022 WL 103292, at *4 (D. Kan. Jan. 11, 2022) ("[T]he court finds that Plaintiff Roberts has failed to establish standing for any federal claims on her own behalf and, because she is proceeding pro se, she cannot proceed on any federal claims on behalf of her minor children.").

The general rule in federal court is that while parties generally have the right to proceed *pro se* under 28 U.S.C § 1654, a party cannot proceed *pro se* on behalf of another individual, including a spouse or minor children. *Sprague v. Dep't of Fam. & Protective Servs.*, 547 F. App'x 507, 508-09 (5th Cir. 2013) (citing *Johnson v. Lufkin Daily News*, 48 Fed. App'x 917 (5th Cir. 2002) (citing § 1654); *Morgan v. Texas*, 251 Fed. App'x 894, 896 n. 2 (5th Cir. 2007) (noting that because the plaintiff was proceeding *pro se*, she did not have the authority to assert claims on behalf of the minor child); *Aduddle v. Body*, 277 Fed. App'x 459 (5th Cir. 2008) (holding that even assuming the grandfather was the legal guardian of the grandchild, because he was not an attorney, he did not have the authority to represent her on a *pro se* basis)); *see also Chatman v. Mississippi High Sch. Athletics Ass'n*, 552 F. App'x 335, 337 (5th Cir. 2014) ("[W]ith limited exceptions not applicable here, a pro se, non-lawyer parent or guardian may not represent the interests of her minor child [in a Section 1983 action]."); *JD1 by & through Raskin v. Dallas Indep. Sch. Dist.*, No. 21-2429, 2021 WL 5396001, at *3 (N.D. Tex. Nov. 17, 2021) ("[T]he law does not allow parents like Ms. Raskin to lodge claims and sue pro se on behalf of their children. This is because individuals who do not have a law license may not represent other parties, even minor children, on a next-friend basis.") (citing *Sprague*, 547 F. App'x at 508). An exception to this general rule applies where parents bring an appeal for supplemental security income benefits under Title XVI of the Social Security Act where the parent has a sufficient interest in the case

and meets basic standards of competence. *See Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). That exception is inapplicable to this case.

For the foregoing reasons, Plaintiff's action is subject to dismissal, with prejudice, to the extent Plaintiff is seeking to represent the interests of her children without benefit of counsel. Even if Plaintiff is provided an opportunity to amend the pleadings, she cannot proceed on behalf of her children on any claims.

### 3.    Shotgun Pleading & Improper Joinder of Claims

As discussed above, Plaintiff appears to seek relief regarding three unrelated events in her life: the termination of her Medicaid status, the alleged abduction of M.B.G. and C.E.G. by the Louisiana State Defendants, and the commencement of eviction proceedings. Plaintiff's disjointed allegations under various legal theories are subject to dismissal because they amount to improper "shotgun pleading." *See O'Neal v. Universal Prot. Serv., LLC*, No. 21-00737, 2022 WL 1631970, at *5 (M.D. La. May 23, 2022) (dismissing allegations based on the basis of violations of Rules 8 and 10 in light of "shotgun pleading" where the pleading "contains irrelevant factual allegations and legal conclusions, states immaterial facts not obviously connected to any particular cause of action, copies wholesale large swaths of statutory text without specifying which provision (if any) the Defendants are accused of violating, and indiscriminately alleges nine claims against two separate Defendants without any indication whether (or how) each Defendant is liable.") (citing *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015)).

The Federal Rules requires a Complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff's Complaint fails to meet this standard. The Complaint as drafted "is a convoluted, nonsensical rambling, interspersed with sparse legal gibberish" and, therefore, "fatally defective and subject to dismissal on that basis alone." *See Truesdale v. Fla.*, No. 18-22286, 2018 WL 11302939, at *5 (S.D. Fla. June 21, 2018), *report and recommendation adopted*, 2018 WL 11302938 (S.D. Fla. Oct. 29, 2018).

Plaintiff does not clarify in the Complaint which specific Defendants are subject to which sets of allegations. Plaintiff appears to seek relief under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution without identifying which of the specific Defendants are accused of each alleged violation. (*See* R. Doc. 1 at 3-4). Plaintiff also states without explanation that the following federal statutes and causes of actions are brought: "TITLE 42 section 1983 and 1985, The American, disability act, the IDEA, the rehabilitation act, the privacy act, Retaliation, denial to a courtroom, physical and virtual, intentional harm to the disabled, [c]ollusion, fraud, perjury, judicial misconduct, racketeering, [and] medical negligence." (R. Doc. 1 at 7).

Even if the general incoherence of the allegations and the "kitchen sink" approach to the allegations did not subject Plaintiff's Complaint to dismiss, the pleading is nevertheless deficient because it improperly joins claims against various defendants that do not arise out of the same transaction or occurrence or involve a common issue of fact or law. While misjoinder of parties is not a ground for dismissing an action, the Court may, without motion, drop misjoined parties from lawsuits and sever any claims against a party. *See* Fed. R. Civ. P. 21. In general, a plaintiff may join any claims it has against a defendant. *See* Fed. R. Civ. P. 18(a). But Rule 20(a)(2) must be satisfied where additional defendants are named. That rule permits joinder of multiple

defendants in a single lawsuit only when (1) the plaintiff asserts a right to relief against each

defendant relating to or "arising out of the same transaction, occurrence, or series of transactions

or occurrences" and (2) a "question of law or fact common to all defendants will arise in the

action.'" Fed. R. Civ. P. 20(a)(2). "In other words, 'Rule 20 requires that all of the [plaintiff's]

claims arise out of the same transaction or occurrence and that there is a common issue of fact or

law.'" *Robinson v. Stone*, No. 09-0220-B, 2009 WL 790130, at *4 (N.D. Tex. Mar. 25, 2009)

(quoting *Applewhite v. Reichhold Chem., Inc.,* 67 F.3d 571, 574 n. 11 (5th Cir.1995)). "Pro se

complaints that fail to comply with the joinder requirements of Fed. R. Civ. P. 18(a) and 20(a)(2)

are subject to summary dismissal" with leave to amend unless amendment is futile. *Robinson*,

2009 WL 790130, at *4.

Here, Plaintiff has brought multiple claims against multiple defendants regarding three

unrelated events. The termination of Plaintiff's Medicaid status, the alleged abduction of her

children, and the eviction proceedings brought against her do not arise out of the same

transaction or occurrence or involve a common issue of fact or law. "[M]ultiple claims against a

single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim

B against Defendant 2. Unrelated claims against different defendants belong in different suits. . .

." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see Fields v. Clemons-Abdullah*, No. 23-

1198, 2023 WL 7214040, at *4 (E.D. Mo. Nov. 2, 2023) (" Naming multiple defendants

concerning unrelated events is an impermissible pleading practice.").

Under these circumstances, it is appropriate to dismiss Plaintiff's Complaint and require

any amended pleading against multiple defendants to comply with Rule 20(a)(2).

### 4.    The Livingston Parish School Board

The Livingston Parish School Board chose to file a responsive pleading that does not raise the issue of improper service or otherwise seek relief under Rule 12(b)(5). Accordingly, this defendant has waived its arguments with respect to insufficient service of process. *See* Fed. R. Civ. P 12(h); *Humes-Pollett v. Fam. Health Ctr. Inc.*, 339 F. App'x 490, 492–93 (5th Cir. 2009) ("A defendant does indeed waive insufficient service of process as a defense to a claim for relief by filing an answer without objecting to service of process.").

Nevertheless, it remains unclear to the Court what claims Plaintiff is attempting to raise against this defendant. Plaintiff does not set forth any plausible basis for recovery from the Livingston Parish School Board with respect to the termination of her Medicaid status, the alleged abduction of M.B.G. and C.E.G. by the Louisiana State Defendants, and the commencement of eviction proceedings. Plaintiff does not clarify why the Livingston Parish School Board is named as a defendant in this action, which does not appear to seek any relief with respect to the prior State court lawsuit involving the Livingston Parish School Board. Accordingly, it is appropriate to dismiss all claims against the Livingston Parish School Board without prejudice to the filing of an amended pleading identifying the specific claims brought against this defendant.

### E.    Plaintiff's Motions Seeking Injunctive Relief (R. Docs. 5, 6, 12).

In light of the foregoing recommendation that Plaintiff's Complaint be dismissed in its entirety, without prejudice to refile to the extent Plaintiff's claims are not subject to dismissal with prejudice, it is also appropriate to deny Plaintiff's pending motions seeking injunctive relief (R. Docs. 5, 6,12) based on the allegations in Plaintiff's Complaint.

1.      **Plaintiff's Motion to Reverse Medicaid Termination (R. Doc. 5)**

Through this motion, Plaintiff seeks an order reversing her Medicaid termination. (R. Doc. 5). Despite filing over 300 pages of documents into the record, Plaintiff's allegations regarding her alleged Medicaid termination consists of just a few sentences embedded in those documents:

> The State of Louisiana terminated [Plaintiff's] Medicaid despite [Plaintiff] completing her application in a timely manner and receiving a letter from the State saying that her health insurance was stable and secured until 2025 . . . .
>
> [Plaintiff] has required a blood transfusing something she has never needed before, she needs iron transfusions but had to cancel those appointments due to her Medicaid being terminated unlawfully.

(R. Doc. 1-1 at 4). Similarly, Plaintiff's Motion to Reverse Medicaid Termination consists of a single sentence: "Immediate injunctive relief for plaintiff Ashley Kellet is requested for reversal of her Medicaid termination so she can receive life saving cancer treatment." (R. Doc. 5) (capitalization modified).

"Medicaid is a cooperative federal-state program through which the Federal Government provides financial assistance to States so that they may furnish medical care to needy individuals." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 502 (1990) (citing 42 U.S.C. § 1396). "Although participation in the program is voluntary, participating States must comply with certain requirements imposed by the [Medicaid] Act and regulations promulgated by the Secretary of Health and Human Services (Secretary)." *Id.* The Fifth Circuit has held that a plaintiff may seek enforcement of rights under the Medicaid Act pursuant to 42 U.S.C. § 1983 without first exhausting administrative remedies. *Romano v. Greenstein*, 721 F.3d 373, 374 (5th Cir. 2013) ("We conclude that § 1396a(a)(8) creates a right enforceable under § 1983, and that exhaustion of Louisiana's procedure for judicial review is not required before a Medicaid claimant files suit in federal court.").

Nevertheless, Plaintiff has failed to set forth the basis for her alleged Medicaid termination, when such termination occurred, the specific Defendants allegedly liable for that termination, and the specific enforceable relief sought by this Court. Even if Plaintiff can allege a cause of action against certain Defendants named in the Complaint, it is nonetheless proper to dismiss Plaintiff's claims for improper service and in light of the shotgun pleading and improper joinder of claims. Accordingly, it is appropriate to deny the instant motion as moot, without prejudice to refile if consistent with any served, amended pleading correcting the deficiencies identified above.

### 2.    Plaintiff's Motion for Custody (R. Doc. 6)

Next, Plaintiff seeks an order providing her custody with her adult, disabled sons MBG and CEG. (R. Doc. 6). Plaintiff asserts that these individuals were unlawfully removed from her custody, respectively, on February 6, 2024, and December 7, 2022. Plaintiff asserts that this removal was in "retaliation" to her allegations that her uncle, Judge Guy Bradberry, had molested her when she was a child. It appears that Plaintiff filed another lawsuit in the U.S. Court of Federal Claims with respect to the alleged abduction of her children, which was dismissed for lack of subject matter jurisdiction. *See Kellett v. United States*, No. 24-455, 2024 WL 1340210 (Fed. Cl. Mar. 29, 2024), *reconsideration denied*, 2024 WL 2844218 (Fed. Cl. June 4, 2024).

Plaintiff does not identify or address the underlying State court proceedings resulting in the alleged "unlawful removal" of MBG and CEG from Plaintiff's home. It appears that the relief sought is directed at the Louisiana Department of Children and Family Services, which could assert Eleventh Amendment immunity with respect to the claims asserted against it in this federal action. *See Prevo v. Pennington*, No. 16-0230, 2016 WL 6816254, at *4 (W.D. La. Apr. 22, 2016), *report and recommendation adopted*, 2016 WL 6818524 (W.D. La. Nov. 17, 2016).

Again, even if Plaintiff can allege a cause of action against certain Defendants named in the Complaint, it is nonetheless proper to dismiss Plaintiff's claims for improper service and in light of the shotgun pleading and improper joinder of claims. Accordingly, it is appropriate to deny the instant motion as moot, without prejudice to refile if consistent with any served, amended pleading correcting the deficiencies identified above.

### 3.    Plaintiff's Motion to Stay Eviction Proceedings (R. Doc. 12)

Finally, Plaintiff seeks an order staying eviction proceedings brought against her and the issuance of a restraining order against her landlord, Michelle Ruston and Ruston Properties,[4] to prevent her eviction. (R. Doc. 12).

This motion, as well as any additional relief sought by through the Complaint with respect to the state court eviction proceeding, fails for several reasons. Foremost, none of the named defendants are involved in, or conducting, the eviction proceedings against Plaintiff. It does not appear that Plaintiff has sued any defendants from which she can obtain any relief with respect to her eviction proceedings. The Complaint only appears to mention the eviction twice in passing. (*See* R. Doc. 1 at 5; R. Doc. 1-2 at 166).

Second, to the extent the state eviction proceedings are ongoing, this court cannot enjoin such proceedings unless consistent with the Anti-Injunction Act, 28 U.S.C. § 2283. *See In re Grand Jury Subpoena*, 866 F.3d 231, 233 (5th Cir. 2017); 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). Plaintiff has failed to set forth that any of the exceptions of the Anti-Injunction Act applies in this case. *See Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 704 (5th

---

[4] This private individual and entity are not named defendants.

18

Cir. 2005) ("There are only three specific circumstances in which a federal court can enjoin a state court proceeding, when it is: (1) expressly authorized by a federal statute; (2) necessary to assert jurisdiction; or (3) necessary to protect or effectuate a prior judgment by a federal court."). It is, therefore, appropriate to deny injunctive relief with respect to the state court eviction proceeding if it remains ongoing. *See Delgado v. Lopez*, No. 22-00187, 2023 WL 5965865, at *3 (E.D. Tex. Aug. 8, 2023), *report and recommendation adopted*, 2023 WL 5960738 (E.D. Tex. Sept. 13, 2023).

Finally, to the extent Plaintiff is seeking to overturn an eviction judgment, this court lacks jurisdiction to entertain such a claim. "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). Specifically, the *Rooker-Feldman* doctrine bars federal district courts from "modify[ing] or revers[ing] state court judgments." *Truong v. Bank of America, N.A.*, 717 F.3d 377, 382 (5th Cir. 2013). This is called the *Rooker-Feldman* doctrine after the cases that first recognized it: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-17 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

The *Rooker-Feldman* doctrine is narrow and "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In determining whether *Rooker-Feldman* applies, a court must carefully evaluate what it is asked to review and reject. *Truong*, 717 F.3d at 382 (citing *Exxon Mobil*, 544 U.S. at 284). The court lacks jurisdiction only when the plaintiff "seeks relief that directly attacks the validity of an existing state court judgment," *Weaver v. Texas Capital Bank, N.A.*, 660 F.3d

19

900, 904 (5th Cir. 2011), or the plaintiff's federal claims "are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision." *Illinois Central Railroad Co. v. Guy*, 682 F.3d 381, 390-91 (5th Cir. 2012). In short, to the extent Plaintiff is seeking to directly overturn or stay a state court eviction judgment, such relief must be denied.

As discussed above, the instant Motion to Stay Eviction Proceedings (R. Doc. 12), as well as the underlying claims in the Complaint seeking relief with respect to the state court eviction proceedings and/or judgment, are without merit. Accordingly, it is proper to deny this motion and dismiss, with prejudice, all claims brought by Plaintiff with respect to the State court eviction proceeding and/or judgment.

## III.  Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Livingston Parish Sheriff's Department's Motion to Dismiss (R. Doc. 19), which is unopposed, be **GRANTED**, and all claims against the Livingston Parish Sheriff's Department be **DISMISSED WITH PREJUDICE** because that defendant lacks capacity to be sued.

**IT IS FURTHER RECOMMENDED** that the Louisiana Department of Children and Family Services, the Louisiana Department of Health, and Governor Jeff Landry's Motion to Dismiss (R. Doc. 23), which is unopposed, be **GRANTED**, and all claims against the Louisiana Department of Children and Family Services, the Louisiana Department of Health, and Governor Jeff Landry be **DISMISSED WITHOUT PREJUDICE** because they were insufficiently served with process.

**IT IS FURTHER RECOMMENDED** that all claims raised in Plaintiff's Complaint (R. Doc. 1) be **DISMISSED** for failure to state a claim, and that all claims with respect to State court eviction proceedings be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Reverse Medicaid Termination (R. Doc. 5), Motion for Custody (R. Doc. 6), and Motion to Stay Eviction Proceedings (R. Doc. 12) be **DENIED** for the reasons provided above.

**IT IS FURTHER RECOMMENDED** that Plaintiff be provided **30 days** from the date of the district judge's ruling (1) to properly serve the Louisiana Department of Children and Family Services, the Louisiana Department of Health, and Governor Jeff Landry and (2) to file an amended pleading that corrects the deficiencies, to the extent allowed, to avoid the remaining claims raised by the Complaint from being **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on October 22, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**